UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | 2:01-CV-00281-PMP-PAL |
| Applicant, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| LAS VEGAS SANDS INC., d/b/a THE VENETIAN RESORT HOTEL CASINO, | ) ) ) ) | |
| Respondent. | ) ) | |

      Before the Court for consideration is Applicant United States Equal Employment Opportunity Commission's Petition to Reinstate Application for OSC RE: Subpoena Enforcement Pursuant to Court's Minute Order Entered January 26, 2077 (Doc. #33). Having considered Applicant's fully briefed Petition, and the arguments of counsel presented on July 28, 2011, the Court finds Applicant's Petition should be denied.

      This action was commenced by Applicant's Motion to Enforce Subpoena (Doc. #1) filed more than a decade ago, on March 14, 2001. Thereafter, extensive litigation ensued in the United States District Court for the District of Columbia and before the United States Court of Appeals for the District of Columbia. During the pendency of the proceedings in the District of Columbia, Applicant's Motion for Order to Show Cause why the subpoena should not be enforced was stayed.

On January 26, 2007, the Court entered an Order (Doc. #29) denying Applicant's Petition without prejudice to renew the same following the outcome then pending before the United States Court of Appeals for the District of Columbia. The District of Columbia Court of Appeals issued its ruling on June 27, 2008 remanding the matter to the United States District Court for the District of Columbia which on October 28, 2008 entered its Order enjoining Applicant EEOC from disclosing confidential information produced by Respondent Las Vegas Sands, Inc., without adhering to the notice and other requirements of EEOC's regulations implementing FOIA. Thereafter, no effort was made to renew Applicant's Petition before this Court until April 4, 2011 (Doc. #33).

All parties to this action have contributed to the inordinate delay in pursing the relief requested in Applicant's original Petition (Doc. #1) filed March 14, 2001. In the process, they have undoubtedly clarified the legal standards to be applied with respect to the enforcement of subpoenas such as that at issue before this Court. However, the record before the Court establishes that the original factual dispute giving rise to the issuance of the subpoena more than a decade ago has become stale, and enforcement of the subpoena at issue has become impracticable. Moreover, the Court finds no good cause presented by Applicant as to why Applicant waited nearly two and one-half years after the final ruling of the United States District Court for the District of Columbia on October 28, 2008 before returning the matter to this Court for further proceedings. Under these circumstances, the Court finds that the Doctrine of Laches bars enforcement of the specific subpoena at issue.

///
///
///
///

1  **IT IS THEREFORE ORDERED that** Applicant United States Equal
2  Employment Opportunity Commission's Petition to Reinstate Application for OSC
3  Re: Subpoena Enforcement Pursuant to Court's Minute Order Entered January 26,
4  2077 (Doc. #33) is **DENIED.**

6  DATED: July 29, 2011.

_____
PHILIP M. PRO
United States District Judge

3